IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| -vs- ) | |
| ) | Case No. 1:96-CR-039-B |
| MAURICE BARR, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| _____) | |

### SEPARATE MEMORANDUM MOTION IN SUPPORT OF
### TITLE 28 UNITED STATES CODE SECTION §2255¶6(3)

**COMES NOW** the petitioner, Maurice Barr hereby herein submit the above petition upon the Honorable Court without undersigned counsel, but in want of counsel, make a general but not a special appearance upon this court, respectfully request the Honorable Court to grant the above petition upon facts and laws that are forth coming:

**BACKGROUND:**

On or about May 15, 1996, petitioner Maurice Barr was indicted along with his wife in a two count indictment by a federal grand jury presiding in and for the Northern District of Mississippi.

Count one charged petitioner with conspiracy to posses with intent to distribute cocaine base, in violation of 21 U.S.C.§846.

-[1]-

Count two charged petitioner Barr along with attempting to possess with the intent to distribute marijuana, all in violation of Title 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

On or about December 9, 1996, jury was selected for the trial to begin, and petitioner proceeded to trial on or about December 16, 1996, however, prior to the start of the trial petitioner changed his plea and entered into a plea of guilty as to the said indictment.

On or about March 5, 1997, petitioner Barr appeared before the Honorable Court for sentencing and the court impose a sentence of life without parole. A timely notice of appeal was filed on behalf of the petitioner in regard to the petitioner's sentence. The notice was filed on March 10, 1997.

However, before petitioner was sentenced, the government agreed to drop all charges against petitioner's wife.

**ISSUE ONE: WHETHER PETITIONER'S SENTENCE WAS UNLAWFUL ENHANCE DUE TO THE COURT USE OF A POLICE REPORT AND COMPLAINT APPLICATIONS IN DETERMINING WHETHER PETITIONER'S GUILTY PLEA ADMITTED AND SUPPORTED A GENERIC CONVICTION AND WHETHER SHEPARD IS CONSIDER A PROCEDURAL OR SUBSTANTIAL**

**STANDARD OF REVIEW**

After petitioner Barr pleaded guilty to possession with the intent to distribute cocaine base and attempt to possess with intent to distribute marijuana, in violation of Title 21 U.S.C. §841(a)(1).

However, the government sought to increase petitioner's sentence from 188 months maximum to life without parole under 21 U.S.C. §851, which mandates a life sentence for such felons who have two prior drug convictions.

Petitioner Barr's predicate felonies were under Mississippi Controlled Substance Act entered upon a guilty plea for the sell of cocaine.

In **Taylor v. United States, 495 U.S.575,599,109 L.Ed.2d 607, 110 S.Ct. 2143,** the Supreme Court held that a sentencing court could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after a jury trial was for generic term in States like Mississippi with broader definitions, **id.,at 602, 109 L.Ed.2d 607, 110 S.Ct.2143.**

In **Shepard**, the District Court did not find under **Taylor** investigation that **Shepard** had three generic burglary convictions thereby rejecting the government's argument that the court should examine police reports and complaint applications in

determining whether **Shepard**'s guilty pleas admitted and supported generic burglary convictions. The First Circuit vacated ruling that such reports and applications should be considered. On remand, the district court again declined to impose the enhanced sentence. The First Circuit vacated once again, and the case was brought before the Supreme Court under a petition for certiorari.

However, the Supreme Court held in part III, concluding that enquiry under the ACCA to determine whether a guilty plea to burglary under a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, to the terms of a plea agreement or transcript of colloquy between judge and defendant in which the defendant confirmed the factual basis for the plea, or to some comparable judicial record of this information.

Thus, guilty pleas may establish predicate offenses, and **Taylor**'s reasoning controls the identification of generic convictions following pleas, as well as convictions on verdicts, in States with nongeneric offenses.

Here, in the present case, petitioner Barr pleaded guilty to possession with intent to distribute cocaine base, and marijuana, in violation of 21 U.S.C.§841(a)(1), which exposed him to a minimum and maximum of 10 to life under §841(b)(1)(A)(iii) and a federal sentencing guidelines range of 188 to 235 months.

However, §851(a)(1) mandated a maximum of life if petitioner Barr have two previous convictions for a serious drug offense. Petitioner has never conceded that his prior state court convictions qualify as a serious drug offenses or a drug offenses period under §851.

Nevertheles, the Court held that the plurality today refines the rule of **Taylor v. United States, 495 U.S.575 (1990)**, and the Court further instructs the district courts on the evidence they may consider in determining whether prior state convictions are predicate offenses.

Thus, the **Taylor** Court and the **Shepard** decision explain to the lower courts how to conduct factfinding that is, according to the logic of this Court's intervening precedents, unconstitional in **Shepard**.

The Court further stated in **Shepard** that **Almendarez-Torres**, like **Taylor,** has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that **Almendarez-Torres** was wrongly decided. See **523 U.S. at 248-249, 140 L.ED.2d 350.**

The Court also stated that innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of **Almendarez-Torres**, despite the fundamental imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury and beyond a reasonable doubt requirement. **Harris v. United States, 536 U.S. 545 (2002).**

The Court further held in **Taylor** that the statute's use of theterm burglary was meant to encompass only what the Court described as generic burglary, a crime with three elements: (1) unlawful or unprivileged entry into, or remaining in, (2) a building or structure, (3) with intent to commit a crime.

Petitioner conclude that under Mississippi Uniform Controlled Substance Act Title 41-29-139 set forth two elements for possession with intent to sell or deliver a controlled substance: (1) it is unlawful for any person, (2) knowingly and intentionally to sell or deliver a controlled substance.

However, the state of Mississippi did not charged petitioner with knowingly and intentionally posess with intent to sell or deliver a controlled substance, but charged petitioner with the sale of cocaine as set forth in the presentencing report on page 10.

Therefore, this Court is left with the problem of how to determine whether petitioner's past convictions qualified as a conviction for a generic offense. The most formalistic approach would have been to find the §851 requirement satisfied only when the statute under which petitioner was convicted was one limited to a generic offense.

Furthermore, petitioner argues that the details listed in the police report was ever mentioned to him during his plea colloquy, and at no time was he ever asked by the sentencing court if the information contained in the PSR was true.

Petitioner Barr further conclude that the government failed to carry its burden to demonstrate that he had pleaded guilty in the state to two generic crimes.

The Court held in **Taylor**..that a sentencing court could look to the statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial or after the entering of a plea was for generic.

However, the question in **Shepard** was whether a sentencing court could look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for generic, the Court held that the lower court may not look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction for a generic crime.

Petitioner argues that **Shepard** is retroactivity because Justice O'Connor held that the todays ruling that her colleagues made was not a procedural change in the law but a substantial change in the law, therefore making **Shepard** retroactivity.

Moreover, in **U.S v. Dodd**, the Supreme Court held that a defendant such as the petitioner have up to one year to submit a claim before the court, when the Supreme Court has recognize that claim as a right, therefore, the petitioner is within the one year grace period in submitting his claim upon this Court pursuant to 28 U.S.C.§2255¶6(3).

-[7]-

## CONCLUSION

Petitioner set forth his claim under 28 U.S.C. §2255¶6 (3) and that this petition should not be construed as though petitioner is trying to bring a claim under the original §2255. And that petitioner is within the one year grace period from the day the Supreme Court recognize **Shepard** as a right, in according to **Dodd**.

## CERTIFICATION OF SERVICE

I, the petitioner, Maurice Barr hereby herein certify that a true and correct copy of the foregoing pleading has been service upon the Office of the Clerk, for the District Court for the Northern District of Mississippi, P.O. Drawer 886, Oxford, Mississippi 38655, by the delivery of the United States Postage Service, this 29 day of July 2005.

RESPECTFULLY SUBMITTED

/S/ MAURICE BARR
   F.R.N. 10460-042
   P.O. BOX 34550
   F.C.I. MEMPHIS
   MEMPHIS, TN 38184